917 F.2d 564
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William PARKS, Jr., Plaintiff-Appellant,
v.
TENNESSEE STATE PRISON; Robertson, Captain; James
Vandever, Associate Warden, Defendants-Appellees.
 No. 90-5018.
 United States Court of Appeals, Sixth Circuit.
 Nov. 1, 1990.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff-appellant William Parks, Jr., was discharged from his job as a guard at a Tennessee State Prison when he reported to work while intoxicated in 1983. He had been briefly suspended on two prior occasions in 1976 and 1982 for similar behavior. Parks, a black male, filed suit against the State of Tennessee, Department of Corrections, alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. He claimed that the State had discriminated against him on the basis of race since a white employee was permitted to keep his job and enter a rehabilitation program when the white employee faced a similar problem with alcohol.
 
 
 2
 Ultimately, the matter was considered by a U.S. Magistrate, and thereafter by a U.S. District Judge, who accepted the magistrate's findings that Parks had failed to establish a prima facie case of discrimination. Though the record suggests that Parks' immediate supervisor may have held some racial biases, as evidenced by oral statements in the workplace, this does not preclude a finding that race played no part in Parks' termination. See, Price Waterhouse v. Hopkins, 109 S.Ct. 1775, 1791 (1989). While the magistrate and district judge were at odds as to whether Parks' conduct in reporting to work inebriated was worse than the comparable conduct of his white fellow-employee whose inebriation prevented him from reporting for work at all, this is a difference which in no way affects the correctness of the final result. Parks' unwillingness to acknowledge his problem and accept any help at all distinguishes this case from that of his fellow employee and provides a compelling, non-pretextual basis for his discharge.
 
 
 3
 Aside from this single unimportant difference between the findings of the magistrate and the district judge, we accept the findings and conclusions of each that Parks' discharge was based upon his behavior rather than his race, and accordingly, we AFFIRM.